UNITED STATES DISTRICT COURT

WESTERN DISTRICT COURT OF LOUISIANA

ALEXANDRIA DIVISION

UNITED STATES OF AMERICA        CASE NO.: 1:26-mj-108

VERSUS

JAKOB JOSHUA MARCOULIER        MAGISTRATE JUDGE PEREZ-MONTES

---

**DEFENDANT'S OBJECTION TO DETENTION HEARING AND REQUEST FOR RELASE ON CONDITIONS**

Defendant, Joshua Marcoulier, by undersigned counsel of record, hereby objects to the Court holding a detention hearing in this case because no such hearing is authorized under §3142(f). Even if a detention hearing is authorized, Mr. Marcoulier's release on conditions is warranted. Accordingly, we respectfully request his release.

PROCEDURAL BACKGROUND

On April 23, 2026, a Criminal Complaint was filed charging Mr. Marcoulier with a violation of 18 U.S.C. § 875, Interstate Communications. The maximum possible term of imprisonment for this offense under §875(c) is five years and there is no minimal term of imprisonment. This offense is not an offense enumerated under 18 U.S.C. § 3142(f)(1), thus the government could only move for detention by asserting a "serious risk" factor under § 3142(f)(2). Mr. Marcoulier's initial appearance on the complaint was held April 27, 2026. At the initial appearance, the government initially requested detention on the grounds that Mr. Marcoulier

1

represents a danger to the community. However, since danger to the community is not a basis for detention unless the defendant is charged with an offense under (f)(1), the government then asserted that Mr. Marcoulier represented a risk of flight, though conceding they did not yet have the bond report in the matter. The government then also asserted that Mr. Marcoulier represented a risk of flight because the allegations in the affidavit supporting the criminal complaint referenced statements made by Mr. Marcoulier to the effect that he was going to be deployed. Mr. Marcoulier is an active duty servicemember. Over defendant's objection, the Court granted the government's motion to detain Mr. Marcoulier pending outcome of a detention hearing, citing the nature of the offense and the threats alleged to have been made as detailed in the affidavit supporting the criminal complaint. However, because Mr. Marcoulier is not charged with an enumerated offense under §3142(f)(1), dangerousness was not a proper basis to detain Mr. Marcoulier past the initial appearance, nor to grant a detention hearing. Because the government also failed to proffer evidence of a serious risk of flight, the Court should revoke the detention order of April 27, 2026 and order Mr. Marcoulier immediately released.

<u>APPLICABLE LAW</u>

The section of the BRA that addresses the limited circumstances when a court is authorized to proceed to a detention hearing reads, in pertinent part as follows:

> (f) Detention Hearing.—The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community—

(1) upon motion of the attorney for the Government, in a case that involves—

(A) a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

(B) an offense for which the maximum sentence is life imprisonment or death;

(C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;

(D) any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or

(E) any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code; or

(2) upon motion of the attorney for the Government or upon the judicial officer's own motion in a case, that involves—

(A) a serious risk that such person will flee; or

(B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

18 U.S.C. § 3142(f).

Because Mr. Marcoulier is not charged with a § 3142(f)(1) offense, this is a "non-(f)(1)" case where only a showing of one of the § 3142(f)(2) "serious risk" factors

would authorize holding a detention hearing.[1] Accordingly, dangerousness could not be a legal basis upon which to detain Mr. Marcoulier or set a detention hearing and he is being unlawfully detained.

ARGUMENT

**A. It is unlawful and unconstitutional for a court to hold a detention hearing or detain a defendant at all when, as here, there is no basis for detention under 18 U.S.C. § 3142(f).**

The Magistrate Judge erred as a matter of law in detaining Mr. Marcoulier on the basis that he posed a danger to the community.  According to the plain language of § 3142(f), "the judicial officer shall hold a [detention] hearing" only "in a case that involves" one of the seven factors listed in § 3142(f)(1) and (f)(2). Following the Supreme Court's guidance in *United States v. Salerno*, 481 U.S. 739 (1987), six courts of appeals, including the Fifth Circuit, agree that it is illegal to even hold a detention hearing unless the government invokes one of the (f) factors. *See, e.g., United States v. Ploof*, 851 F.2d 7, 11 (1st Cir. 1988); *United States v. Friedman*, 837 F.2d 48, 48–49 (2d Cir. 1988); *United States v. Himler*, 797 F.2d 156, 160 (3d Cir. 1986); *United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992); *United States v. Twine,* 344 F.3d 987 (9th Cir. 2003); *United States v. Singleton,* 182 F.3d 7, 9 (D.C. Cir. 1999). For example, the First Circuit holds: "Congress did not intend to authorize preventive detention unless the judicial officer first finds that one of the § 3142(f) conditions for

---

[1] Since Mr. Marcoulier is alleged to have made threats against the person of another, the offense with which he has been charged may be considered a crime of violence under the Bail Reform Act. However, the government is only entitled to move for detention in a case where the crime of violence is punishable by a maximum term of imprisonment of ten years or more. The maximum term of imprisonment for the offense with which Mr. Marcoulier is charged is five years, thus §3142(f)(1)(A) does not apply.

4

holding a detention hearing exists." *Ploof*, 851 F.2d at 11. The Fifth Circuit agrees. *See Byrd*, 969 F.2d at 109 ("A hearing can be held only if one of the . . . circumstances listed in (f)(1) and (2) is present,"; "[d]etention can be ordered, therefore, only 'in a case that involves' one of the . . . circumstances listed in (f)."). Furthermore, "a defendant's threat to the safety of other persons or to the community, standing alone, will not justify pre-trial detention." *Byrd* at 109.

In *Salerno,* the Supreme Court made clear that the factors listed in § 3142(f) serve as a gatekeeper, and that only certain categories of defendants are eligible for detention in the first place. According to the Supreme Court, "[t]he Act operates only on individuals who have been arrested for a specific category of extremely serious offenses. 18 U.S.C. § 3142(f)." *Id.* at 750; *see also id.* at 747 ("The Bail Reform Act carefully limits the circumstances under which detention *may be sought* to the most serious of crimes," specifically the crimes enumerated in § 3142(f) (emphasis added)). The offense with which Mr. Marcoulier has been charged is not one such crime.

### B. It is the government's burden to establish that it is entitled to a detention hearing.

For a court to lawfully move forward from the Initial Appearance to a detention hearing, it is the government's burden to establish that it is entitled to a detention hearing by presenting a valid (f) factor. At the Initial Appearance, the government initially asked for a detention hearing on the basis that Mr. Marcoulier is a danger to the community. The Court granted a detention hearing on the basis that Mr. Marcoulier poses a risk of danger. Under the Bail Reform Act, this was not a valid basis for detention, as a matter of law.

The government also went on to assert that Mr. Marcoulier presents a risk of flight. At the same time, the government admitted that the bond report had not yet been made available, so there was no evidence regarding ties to the community on the record. However, this is burden shifting: at the initial appearance, it is the government's burden to show that it is entitled to ask for detention in the first place, and not the defendant's burden to prove ties to the community. The government also cited an allegation in the affidavit supporting the criminal complaint that Mr. Marcoulier referenced the fact that he was going carry out some threat of violence after his military deployment. The government did not proffer evidence that Mr. Marcoulier was going to be deployed, and in any case, military deployment does not constitute a "serious risk of flight", since such deployment – at the command of the U.S. military – would be an involuntary, temporary removal from the prosecuting jurisdiction. Courts in other circuits and our own have recognized, in the context of illegal immigration cases, that involuntary removal does not, alone, create a risk of flight. *See United States v. Esquivel-Bataz*, 155 F.4th 491, (5th Cir. 2025); *United States v. Ailon-Ailon*, 875 F.3d 1334, 1337 (10th Cir. 2017)(holding that a "a risk of involuntary removal does not establish a serious risk that [the defendant] will flee"); *United States v. Santos-Flores*, 794 F.3d 1088 (9th Cir. 2015) (holding that "the risk of nonappearance referenced in 18 U.S.C. § 3142 must involve an element of volition").

        i.     **Under 18 U.S.C. §3142(f)(2), the government must make a showing that the case involves one of the enumerated "Serious Risk" factors.**

Before the judicial officer holds a detention hearing, it must be determined that "the case involves" one of the enumerated factors under subsection (f). Inherently, this requires some showing on the part of the government, and a finding on the part of the Court. The clause "in a case that involves" creates a threshold the government must meet before it is entitled to a detention hearing. It is not enough merely that the government moves for detention.

When one of the offense-specific (f)(1) factors is applicable, the government's threshold is frequently straightforward to meet. The government may meet its burden of showing the case involves an (f)(1) factor by reference to the indictment. There is often no need for an individualized evaluation of the defendant, because the (f)(1) factors are objective.

The government is not relieved of its burden when it moves for detention under (f)(2).   However, this inquiry is inherently more subjective and requires an individualized evaluation of the defendant because it involves determining whether the case involves "a serious risk" of either flight or obstruction of justice. It is the result of this evaluation that determines whether the government is entitled to a detention hearing at all.

ii.    **The government should be held to a preponderance of the evidence standard to warrant a detention hearing.**

The Bail Reform Act itself is silent as to what standard of proof applies at the initial appearance for the government to establish its entitlement to a detention hearing. It also does not appear that the Fifth Circuit has directly articulated the standard that must be met by the government. Broadly, however, there does appear

to be two lines of authority as to the evidentiary standard that warrants a detention hearing. One line of authority requires the government to show by a preponderance of the evidence that an (f) factor applies so as to warrant a detention hearing. Another line of authority seems to suggest that a less onerous standard, such as a proffer, is sufficient to trigger a detention hearing. There does not appear to be authority for the proposition that the mere request for detention or assertion of an (f) factor, without more, is sufficient to establish the government's entitlement to such a hearing.

The Second Circuit, along with several district courts around the country — including at least one in our own circuit — applies the preponderance standard: "First, however, the Government must establish by a preponderance of the evidence that it is entitled to a detention hearing." *United States v. Watkins*, 940 F.3d 152, 158 (2d Cir. 2019);  "After a motion for detention has been filed, the district court must undertake a two-step inquiry…It must first determine by a preponderance of the evidence… that the defendant either has been charged with one of the crimes enumerated in Section 3142(f)(1) or that the defendant presents a risk of flight or obstruction of justice." *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988); "The Government may move for a detention hearing but most prove by a preponderance of the evidence that the case meets one of the six circumstances listed in § 3142(f)(1) and (2)." *United States v. Elizondo*, No. 4:24-CR-00157-002, 2024 WL 1546488 (S.D. Tex. Apr. 9, 2024) at *2; "Courts within this district have applied a preponderance of the evidence standard when assessing the government's entitlement to a detention hearing." *United States v. Chokr*, No. 23-20037, 2023 WL 375336 (E.D. Mich. Jan. 24,

8

2023) at *6, n.2.; "The Government must demonstrate serious risk of flight by a preponderance of the evidence to trigger a detention hearing under §3142(f)(2)(A)." *United States v. Figueroa-Alvarez*, 681 F. Supp. 3d 1131, 1138 (D. Idaho 2023).

This approach is most consistent with the aims of the BRA, which clearly favors non-detention. See *Byrd* at 109. It is also congruent with how the Fifth Circuit has previously considered the threshold to hold a detention hearing, finding in that case that it was appropriate to look beyond the charged offense and to consider the actual facts of the underlying case to determine whether it involved a crime of violence. *Id.* at 110. Although a preponderance standard was not explicitly articulated, the Fifth Circuit clearly contemplated that a more intensive, searching inquiry was appropriate in determining whether a detention hearing was warranted at all.

Even jurisdictions that hold the government to a less onerous standard when the government moves for detention seem to require at least some proffer regarding an (f) factor to proceed to the detention hearing. For instance, a district court in California found that the government had satisfied its burden of showing that it 'believed' there was a serious risk of flight when *it proffered evidence* about the details of defendant's international travel to meet with white-supremacist groups and proffered evidence that the defendant lacked ties to the prosecuting jurisdiction. *United States v. White*, No. 318CR00025NKMJCHWDVA, 2018 WL 5291989 (N.D. Cal. Oct. 19, 2018) at *4. The D.C. Circuit Court also summed up its view of the matter as: "a detention order is based on a hearing, while an order to hold a hearing

9

is based on a *proffer* of what the hearing might establish." *United States v. Singleton*, 182 F.3d 7 (D.C. Cir. 1999). (emphasis added).

To find that the mere motion for detention or assertion of an (f) factor, without more, entitles the government to a detention hearing is to undermine the purposes of the BRA by practically eliminating any meaningful threshold to request a detention hearing. Essentially, it would subject every defendant to a potential detention hearing on the whim of the government. As the Supreme Court articulated in *Salerno,* the BRA is meant to limit the circumstances in which detention may even be sought. *Id.* at 747.

## CONCLUSION

Because there is no basis to detain Mr. Marcoulier, he is being detained unlawfully and he should be released immediately with conditions this Court deems appropriate under §§ 3142(a)–(c), without proceeding to a detention hearing.

RESPECTFULLY SUBMITTED,
CRISTIE GAUTREAUX GIBBENS
FEDERAL PUBLIC DEFENDER FOR
THE MIDDLE & WESTERN DISTRICTS OF
LOUISIANA

BY:   S/ ANGELLE R. BOUDREAUX
        Louisiana Bar No. 40709
        Assistant Federal Public Defender
        102 Versailles Blvd., Suite 816
        Lafayette, Louisiana  70501
        (337)262-6336 (Phone)   (337)262-6605 (Fax)
        COUNSEL FOR DEFENDANT

10

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above was electronically filed with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record via notice of electronic filing (NEF).

Lafayette, Louisiana, this 28th day of April, 2026.

S/ANGELLE R. BOUDREAUX